## VALLEY GAS CO.

### v.

### Edward F. BURKE et al.

### No. 80-58-M.P.

Supreme Court of Rhode Island.

June 3, 1980.

Edwards & Angell, Edward F. Hindle, Deming E. Sherman, Providence, for petitioner.

Dennis J. Roberts, II, Atty. Gen., John R. McDermott, Sp. Asst. Atty. Gen., for respondents.

## OPINION

### PER CURIAM.

This case comes before us on a petition for a writ of certiorari to review a ruling of the Public Utilities Commission (the commission) denying a motion to reopen the record made by the petitioner, Valley Gas Company (the company).

The original proceedings were commenced before the commission on July 1, 1977, when the company filed a revised tariff schedule for the purpose of increasing its annual revenues. The commission denied the proposed tariff schedule, but approved the company's proposal for an attrition allowance of $206,610. On certiorari, we rejected the company's challenges to the commission's denial of the proposed tariff. *Valley Gas Co. v. Burke*, R.I., 406 A.2d 366 (1979). Because the record contained no evidence to support the commission's approval of the company's proposed attrition allowance, however, we vacated the commission's adjustment and remanded the matter to the commission for recalculation of the attrition allowance specifying that the commission was to make an adjustment "that is supported by the record." 406 A.2d at 373.

At the remand hearing held on February 7, 1980, the company moved to reopen the record to introduce post test year data to aid the commission in its recalculation. The commission determined, however, that our remand order required a recalculation of the attrition allowance based solely upon the evidence already in the record and, therefore, denied the motion to reopen the record. The company then filed the instant petition for a writ of certiorari seeking review of the commission's ruling. We issued the writ and stayed further commission proceedings pending our decision herein.

The commission correctly interpreted our directive and properly denied the motion to reopen the record. Our instructions to the commission clearly required that the attrition allowance be recalculated on the basis of the existing record and nothing therein was intended to authorize the taking of additional evidence for the purpose of recalculation.

The petition for certiorari is denied and dismissed, the writ heretofore issued is quashed, and the stay previously entered herein is vacated.